M. C. McGENNESS, Respondent, v. THE STANDARD
SHOE COMPANY, Appellant.

**Kansas City Court of Appeals, January 20, 1896.**

1. **Appellate Practice**: CONFLICT OF EVIDENCE. Where there is no
error in the trial and there is a conflict of evidence, the finding of
the jury ends the discussion as far as the appellate court is concerned.

2. **Instruction**: GROUND COVERED IN OTHERS. The refusal of an
instruction which is included in other instructions is not reversible
error.

3. **Evidence**: DEPARTURE: ACTION. This being an action to recover
for services performed and not for wrongful discharge, it was *held,*
the evidence was not a departure from the pleading.

*Appeal from the Cole Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

AFFIRMED.

*Edwards & Edwards* for appellant.

(1) The evidence shows, if anything, a hire and
breach of the contract of hire. While no formal plead-
ings are required in a justice's court, yet plaintiff is
bound by the statement he files and must try the same
case in the circuit court on appeal. R. S. 1889, sec.
6138; *Leas v. Express Co.*, 45 Mo. App. 598; *Devore
v. Staeckler*, 49 Mo. App. 547. Must try same
cause of action in the circuit court. R. S. 1889, sec.
6345; *Blackstone v. Railroad*, 44 Mo. App. 555; *Dowdy
v. Wamble*, 110 Mo. 281. (2) If plaintiff had any cause
of action against defendant it was one for breach of
contract of hire, and then he could only recover for the
time he was unable to get employment during the lost

time. 14 Encyclopedia of Law, p. 795, and authorities there cited; *Lambert v. Hartshorne*, 65 Mo. 551; *Halsey v. Meinrath*, 54 Mo. App. 335; *Armstrong v. School District*, 19 Mo. App. 462. (3) The law of this case is fully and fairly stated in instruction number 3, asked by the defendant, and should have been given. (4) Instruction number 4, asked by the defendant should have been given. *Evans v. Railroad*, 24 Mo. App. 114; *Finger v. Brewing Co.*, 13 Mo. App. 311; *Cramer v. Mock*, 8 Mo. App. 531; *Harper v. Hassard*, 113 Mass. 187.

*Dante Barton* for respondent.

(1) Plaintiff was entitled to base his action upon a *quantum meruit*, because the contract which fixed the measure of defendant's liability had been fully performed on plaintiff's part, and nothing remained to be done but to recover the money thereon. *Mansur v. Botts*, 80 Mo. 651, and authorities cited; 51 Mich. 539. (2) Plaintiff had a right to bring an action for work and labor done, and then prove a contract to limit and define the measure of his damages. *Mansur v. Botts, supra.* (3) Plaintiff was entitled to be notified in express terms of his discharge, and until that was done he had a right to treat the relation of employer and employed as still subsisting and in force. 14 Am. and Eng. Encyclopedia of Law, p. 792; 108 N. Y. 632; 17 Wall. 508. This issue was clearly and correctly embodied in plaintiff's instruction.

GILL, J.—For several years prior to March, 1894, plaintiff was engaged in the service of the defendant, in its shoe factory at Jefferson City, Missouri. He started on a salary of $30 per week, which, though, had been increased to $36 before 1893. The plaintiff's position was that of head foreman, or superintendent, having

charge of all other foremen and directing the conduct of the work. His duties extended also to the care of the stock, machinery, etc. When the business depression occurred in the summer and fall of 1893, the defendant's manufactory was "shut down" and remained so for two weeks. During that time, according to the evidence in his behalf, the plaintiff continued in the defendant's service,—cleaning up, repairing machinery, consulting with drummers for the purchase of goods, and generally looking after the affairs of the factory. And after the factory had resumed operations, plaintiff continued in defendant's employ as superintendent until the following March (1894) when he voluntarily abandoned its service. Defendant paid plaintiff's wages at the rate of $36 per week for the entire time, except for the two weeks the factory was not in operation, and this it refused to pay, on the ground, it seems, that plaintiff stood discharged and relieved of his position during that time. There was evidence at the trial tending to sustain the respective claims of each. The jury found for the plaintiff and from a judgment in his favor defendant appealed.

We have read and considered the entire record, briefs, and arguments of counsel, and discover no substantial reasons for disturbing the judgment. The case is a simple one, and the result necessarily turned on the question as to whose testimony the jury should give credence. If the facts were as testified to by the plaintiff, then he was not discharged and relieved of duty during the two weeks, and he was, therefore, clearly entitled to recover. If, on the other hand, he was, during said two weeks, suspended from his employment, as was the case of the other employees, and did not during that time perform service for defendant, as its testimony tended to prove, then defendant should have had a verdict. The jury, on a

conflict of evidence, decided in plaintiff's favor; and this, of course, ends the discussion so far as this court is concerned.

As to the instructions, it would seem the court might well have given defendant's number 4 (which was refused), but we think there was no· reversible error in this action, since plaintiff's number 1, and defendant's number 1, fairly presented the only substantial issue of the case.

We also fail to see wherein the evidence in plaintiff's behalf departed, in any substantial manner, from the case set out in the complaint filed before the justice, as defendant's counsel suggests. This is not an action for a wrongful discharge, but a suit to recover for alleged services performed, and the plaintiff's evidence was directed to that issue.

The judgment will be affirmed. All concur.